(September 26, 2001)

■ In the Matter of ALEXANDER J. REPASKY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [731 NYS2d 84] —Per Curiam. Respondent was admitted to practice by this Court in 1988. He maintains an office for the practice of law in Georgia, where he is also admitted to practice.

By decision dated June 25, 2001, the Supreme Court of Georgia found that respondent had admitted the following professional misconduct: he willfully disregarded a client's case by failing to make a formal appearance on behalf of his client in an immigration matter for over two months despite having accepted a $1,000 retainer for the case; he willfully disregarded a second client's case by failing to communicate adequately with his client and by failing to appear in court in an immigration matter despite again having accepted a $1,000 retainer from that client; and he willfully disregarded a group of clients' cases by failing to insure that his clients' interests were adequately protected by arranging for competent local counsel to respond to motions during the pendency of respondent's motion for admission pro hac vice. The Supreme Court of Georgia directed that respondent be publicly reprimanded by a Georgia judge, that he immediately refund $1,000 each to the immigration case clients, and that he submit within 90 days to a

consultation with the Law Practice Management Program of the State Bar of Georgia.

Petitioner moves for the imposition of reciprocal discipline (*see*, 22 NYCRR 806.19). Respondent's verified response sets forth mitigating circumstances but does not contain defenses to reciprocal discipline listed under 22 NYCRR 806.19 (c). Under such circumstances, we may impose reciprocal discipline and we conclude that respondent should be censured.

Cardona, P. J., Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured.